IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2077-BO

| | | |
|---|---|---|
| MANUEL SALVADOR PEREZ-LORDY, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| WARDEN, LSCI BUTNER, | ) ) ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss, or in the alterative, for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE 13). The motion was fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On June 25, 2008, petitioner was sentenced to a term of 235 months imprisonment and transferred to the Federal Bureau of Prison's ("BOP") custody to serve his sentence. (Spells Decl.[2] Attach. 1). At some point, petitioner was transferred to the Low Security Correctional Institution in Butner, North Carolina ("LSCI Butner"). On July 12, 2016, petitioner applied for a reduction in sentence under the "elderly inmates with medical conditions" section of the BOP Program Statement

---

[1] Because the parties attached matters that are outside of the pleadings, the court construes respondent's motion as a motion for summary judgment.

[2] Cynthia Spells submitted a declaration in support of respondent's motion for summary judgment. Spells is employed by the BOP as a commissioned officer in the United States Public Health Service. (Spells Decl. ¶ 1.)

§ 5050.49. (Id. ¶ 5). Former LSCI Butner Warden Stephanie Hollembaek denied petitioner's request stating that petitioner was an "alien" and was subject to an United States Immigration and Customs Enforcement ("ICE") detainer upon release. (Pet. p. 9). Petitioner also was ineligible for a reduction in sentence pursuant to the BOP Program Statement § 5050.49, because he had not yet completed 50% of his sentence as required by the program statement. (Id. ¶ 7).

After petitioner filed the instant action, prison officials conducted a second review of petitioner's request for a reduction in sentence because petitioner had met BOP Program Statement § 5050.49.'s 50% sentence completion requirement. (Spells Decl. ¶¶ 9-10). As part of their second review, prison officials contacted petitioner's medical team to determine whether petitioner also met the medical requirements for eligibility. (Id. ¶ 10). Petitioner's medical team reported that petitioner was able to ambulate independently without difficulties and was able to perform activities of daily living without assistance. (Id. and Attach. 2). On August 18, 2017, Warden Donna Smith denied petitioner's request for a reduction in sentence due to petitioner's stable medical condition. (Id.) Petitioner's projected release date is November 17, 2023. (Id. Attach. 1).

On April 6, 2017, petitioner, acting *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserted that the warden arbitrarily denied his request for a reduction in sentence on the invalid ground that petitioner was subject to an ICE detainer. Respondent subsequently moved for summary judgment, arguing that petitioner is not entitled to the relief he requests. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Petitioner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which allows the sentencing court, upon motion of the Director of the BOP, to reduce an inmate's term of imprisonment. See 18 U.S.C. § 3582(c)(1)(A). Compassionate release may be awarded under rare circumstances, one of which is elderly inmates with medical conditions. See BOP Program Statement § 5050.49.[3] Specifically, BOP Program Statement § 5050.49 provides for the opportunity of early release pursuant to § 3582(c)(1)(A) for inmates who meet the following criteria:

- Age 65 and older.

---

[3] BOP Program Statement § 5050.49 relates to compassionate release or reduction in sentence procedures for implementation of 18 U.S.C. § 3582(c)(1)(A). See e.g., Lovett v. Coakley, No. 2:17-CV-99, 2017 WL 6760644, at *4 (N.D. W. Va. Nov. 2, 2017).

3

- Suffer from chronic or serious medical conditions related to the aging process.

- Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.

- Conventional treatment promises no substantial improvement to their mental or physical condition.

- Have served at least 50% of their sentence. . . .

Id.

Here, the BOP denied petitioner's requests for release pursuant to § 3582(c)(1)(A). "[A] number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." See Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (per curiam) (collecting cases); see also, Slate v. United States, No. 5:09-cv-00064, 2009 WL 1073640, at *3 (S.D.W. Va. April 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). Thus, petitioner may not seek review of the BOP's decision. To the extent that petitioner is seeking a court order granting him compassionate release, the court lacks authority to grant relief where the Director of the BOP or the government have not moved for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); see United States v. Powell, No. 02-35935, 2003 WL 21418427, at *1 (9th Cir. June 9, 2003); see also, Allah v. Federal Bureau of Prisons Director, No. 9:16-2665-BHH-BM, 2016 WL 5868093, at *3 (D.S.C. Sept. 12, 2016).

Even if the BOP's decision to deny petitioner's request for a reduced sentence was reviewable in the context of a § 2241 petition, this court would not disturb the BOP's decision. Cf. Major v. Apker, No. 13–7210, 2014 WL 2900956, at *3 (4th Cir. June 27, 2014) (finding that the

district court may review under § 2241 the BOP's ruling on an inmate's request for sentence credit to determine whether the BOP abused its discretion). As stated, § 3582(c)(1)(A) provides the BOP discretion to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The warden considered the circumstances cited by petitioner in support of petitioner's request for a sentence reduction, but made the determination to deny petitioner's request due to petitioner's stable medical condition. The BOP's decision was made in accordance with its regulations. Further, the BOP considered factors which are pertinent to the exercise of its discretion and gave a plausible explanation for the exercise of its discretion. Thus, the BOP's decision to deny petitioner's request for a sentence reduction was not an abuse of discretion. See Jarvis v. Stansberry, No. 2:08CV230, 2008 WL 5337908, at *4 (E.D. Va. Dec. 18, 2008) ("There is nothing arbitrary or capricious about the Warden following BOP guidelines and general procedure in rejecting petitioner's request for compassionate release."). Based upon the foregoing, the court finds that respondent's motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 13) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 28 day of April, 2018.

TERRENCE W. BOYLE
United States District Judge